IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RAYMOND M. GONZALES,

        Petitioner,

vs.                                No. CV 16-00330 KG/SMV

WARDEN GERMAN FRANCO, and
THE ATTORNEY GENERAL OF THE
STATE OF NEW MEXICO,

        Respondents.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

**THIS MATTER** is before the Court, *sua sponte*, under rules 4 and 11 of the Rules Governing Section 2254 Cases, on the Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody filed by Petitioner Raymond M. Gonzales. (Doc. 1). The Court will dismiss the Petition for lack of jurisdiction.

In a previous § 2254 proceeding, *Raymond M. Gonzales v. Erasmo Bravo, et al.,* No. CV 11-00686 MCA/SMV, Petitioner attacked the same state court criminal conviction that is the subject of this proceeding on grounds of ineffective assistance of counsel, violation of the Posse Comitatus Act, deprivation of the right to confront a witness, and illegal search and seizure in violation of the Fourth Amendment. *See* CV 11-00686 MCA/SMV, Doc. 40 at 5-6; *See, also, Duhart v. Carlson,* 469 F.2d 471, 473 10th Cir. 1972) (noting that the court may take judicial notice of its own records.) As originally filed, the Petition included both exhausted and unexhausted claims. The Court gave Petitioner the choice between dismissal without prejudice to allow exhaustion of all claims or withdrawal of the unexhausted claims to allow the Court to proceed to determination of the exhausted claims. CV 11-00686 MCA/SMV, Doc. 30. Petitioner

chose to withdraw the unexhausted claims and to amend to go forward on the exhausted claims. CV 11-00686 MCA/SMV, Doc. 31, 32. The Court reached the merits of Petitioner's exhausted claims, denied a writ of habeas corpus, and dismissed the petition with prejudice. (CV 11-00686 MCA/SMV, Doc. 43, 44). On appeal, the United States Court of Appeals for the Tenth Circuit denied a certificate of appealability and dismissed the appeal. (CV 11-00686 MCA/SMV, Doc. 50).

Petitioner now brings a new § 2254 petition raising issues that his "plea agreement is not what petitioner agreed to" and ineffective assistance of counsel. (Doc. 1 at 5, 7). Under 28 U.S.C. § 2244(b)(1), a claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed. A claim that was not presented in a prior application shall also be dismissed unless the applicant shows either (1) that the claim relies on a new rule of constitutional law that was previously unavailable and was made retroactive to cases on collateral review by the Supreme Court or (2) that the factual predicate for the claim was previously unavailable and would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2).

Petitioner's claim of ineffective assistance of counsel was clearly raised in his prior § 2254 proceeding. See CV 11-00686 MCA/SMV, Doc. 40 at 11-12. Petitioner's claim of ineffective assistance of counsel was clearly raised in his prior § 2254 proceeding and must be dismissed. 28 U.S.C. § 2244(b)(1); *Coleman v. United States,* 106 F.3d 339, 341 (10th Cir. 1997). Moreover, to the extent Petitioner's claim relating to his Plea Agreement is a new claim not raised in his prior § 2254 Petition, he does not rely on any new constitutional law that was previously unavailable and made retroactive on collateral review by the United States Supreme

Court. *See* 28 U.S.C. § 2244(b)(2)(A); *Tyler v. Cain*, 533 U.S. 656 (2001). Nor does Petitioner argue or rely on a factual predicate that could not have been discovered previously through the exercise of due diligence and is sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2)(B). Even if Petitioner's Plea Agreement did not accurately reflect his agreement to plead guilty, that information would have been available to him at the time he was sentenced and would not afford a basis for a finding that Petitioner was innocent. Petitioner's Plea Agreement claim must also be dismissed. 28 U.S.C. § 2244(b)(2)(B); *United States v. Espinosa-Saenz,* 235 F.3d 501, 505 (10th Cir. 2000).

Further, before a second or successive petition is filed in the district court, the petitioner must move the court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A). When a second or successive § 2254 claim is filed in the district court without the required authorization from the court of appeals, the district court may transfer the matter to the court of appeals if it determines it is in the interest of justice to do so under 28 U.S.C. § 1631 or may dismiss the petition for lack of jurisdiction. *In re Cline,* 531 F.3d 1249, 1252 (10th Cir. 2008); *see also Coleman v. United States,* 106 F.3d 339, 341 (10th Cir. 1997). The current Petition is Petitioner's second and is not accompanied by an authorizing order from the court of appeals. Under § 2244(b)(1), the Court lacks jurisdiction to proceed and must either dismiss Petitioner's Petition or transfer this proceeding to the Tenth Circuit. Applying the *Cline* factors, the Court finds it is not in the interest of justice to transfer the proceeding.

Petitioner has filed his second or successive §2254 Petition without authorization from the Tenth Circuit Court of Appeals. 28 U.S.C. § 2241(b)(3). Petitioner also fails to establish any

grounds that would permit him to proceed on a second or successive petition. 28 U.S.C. § 2244(b)(2). The Court declines to transfer the Petition to the Tenth Circuit and will dismiss for lack of jurisdiction. *Coleman v. United States,* 106 F.3d at 341. Under rule 11 of the Rules Governing Section 2254 Cases, because Petitioner has failed to make a substantial showing of denial of a constitutional right, the Court will also deny a certificate of appealability.

**IT IS ORDERED** that the Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody filed by Petitioner Raymond M. Gonzales. (Doc. 1) is **DISMISSED** for lack of jurisdiction, a certificate of appealability is **DENIED**, and judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE